IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:15-MJ-1147

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>RYAN BRODERICK, )<br>)<br>Defendant. ) | **ORDER OF DETENTION PENDING TRIAL** |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial[1]. The government presented the testimony of an agent with the Federal Bureau of Investigation and introduced one exhibit, a recording on compact disk of a portion of the telephone call at issue in this case. Defendant presented the testimony of the proposed third-party custodian, his girlfriend. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged by criminal complaint on 30 January 2015 with transmission of threatening communications interstate on 29 January 2015 in violation of 18 U.S.C. § 875(c). The evidence presented at the hearing showed that the charges arise from a telephone call

---

[1] With consent of counsel, the detention hearing was combined with the preliminary hearing in this case. Prior to reaching the issue of detention, the court ruled that the government had established probable cause for the charges against defendant.

defendant made on 29 January 2015 to the Veterans Administration in which he threatened to kill physicians, nurses, and counselors working at Veterans Administration ("VA") facilities in Fayetteville, North Carolina because of the VA's purported failure to provide him treatment for the PTSD with which he has been diagnosed. Apparently calling from North Carolina, defendant first spoke with a person at a call center in Kansas, but was transferred to a counselor in New York. Defendant had served in the Army for about seven years, serving two tours in Iraq and one in Afghanistan. He is presently in the Army Reserve. He and his girlfriend, who is the mother of their three-year-old son, recently decided to live apart for a time in an effort to resolve differences which have arisen between them.

In response to the call, authorities implemented enhanced security measures at the VA facilities in Fayetteville and Fort Bragg. A VA official obtained from state authorities an order for defendant's involuntary commitment, which was valid for 24 hours, but it expired 8 minutes before he was arrested on 30 January 2015.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the violent nature of the offense charged; the circumstances of the offense charged, including the vehemence and multiplicity of the threats made by defendant in the call, his readily identifying himself by name and Social Security number in the call (suggesting that he was not concerned about the consequences of his conduct in connection with it), and his claimed lack of a memory of the call; the unsuitability of the proposed third-party custodial arrangement due to the extent of the risk of danger presented by defendant; and the other findings and reasons stated in open court.

2

The court considered evidence offered as mitigating, such as his lack of a criminal record. But on the present record before the court, the alleged offense conduct does not appear to arise from any propensity of defendant for criminal activity, but rather his PTSD. As the court noted at the hearing, it lacks any psychological evaluation for defendant. Depending on its contents, such an evaluation could provide the basis for reopening the detention hearing and thereby revisiting the issue whether there are conditions that would reasonably assure the safety of any other person and the community pending further proceedings if defendant were released. *See* 18 U.S.C. § 3142(f)(2).

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 5th day of February 2015.

James E. Gates
United States Magistrate Judge