UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:15-CR-60-BR

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RYAN BRODERICK | **ORDER** |

    This matter is before the court on the government's motion to determine the competency of defendant. (DE # 22.) Specifically, the government requests that the court order defendant to submit to a psychiatric or psychological examination to determine whether he is competent to proceed to trial and whether he was insane at the time of the alleged offense. (Id. at 1.) Defendant opposes the motion. (DE # 27.)

    The court has the authority to order a hearing to determine whether a defendant is competent to stand trial "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). Upon such a finding, the court may order that a psychiatric or psychological examination of the defendant be conducted prior to the hearing. Id. § 4241(b).

    "Whether reasonable cause exists under § 4241 is a question left to the discretion of the trial court." United States v. Mason, 52 F.3d 1286, 1289 (4th Cir. 1995).

> In determining whether there is reasonable cause to order a competency hearing, a trial court must consider all evidence before it, including evidence of irrational behavior, the defendant's demeanor . . ., and medical opinions concerning the defendant's

> competence. "[E]ven one of these factors standing alone may, in some circumstances, be sufficient." Medical opinions are "usually persuasive evidence on the question of whether a sufficient doubt exists" as to the defendant's competence. The trial court must "look at the record as a whole and accept as true all evidence of possible incompetence" in determining whether to order a competency hearing.

Id. at 1290 (citations omitted).

In support of its motion, the government relies on the transcribed telephone call which forms the basis of the charge against defendant. (DE # 22-2.) In that 29 January 2015 call to the Department of Veteran Affairs, in summary, defendant states that he needs help; he is going to "kill everybody in that place"; he does not want to live; he is "going crazy by the [] day"; and he has "PTSD," which the court presumes to mean post-traumatic stress disorder. (Id.) Also, the government represents, and defendant does not deny, that a state magistrate issued involuntary commitment papers against defendant on the same day as the subject phone call. (Mot., DE # 22, at 2.)

In response, defense counsel represents that in the course of her meetings with defendant, he "has asked cogent questions, answered counsel's questions, and assisted counsel in her defense." (DE # 27, at 1-2.) She further states, "At NO time thus far has undersigned counsel had concerns that Mr. Broderick was incompetent to proceed in his criminal case." (Id. at 2.) Additionally, defendant opposes the government's motion because of the delay a competency evaluation would entail. (Id.)

Having considered the record as whole, the court concludes that there is not reasonable cause to believe defendant may presently be suffering from a mental disease or defect which renders him unable to understand these proceedings or assist in his defense. To be sure, there is

2

reasonable cause to believe that defendant suffers from a mental disease or defect. However, having a mental illness does not equate with incompetency to stand trial. United States v. Bernard, 708 F.3d 583, 593 (4th Cir. 2013).

Turning to the government's request for an order requiring defendant to undergo a psychiatric or psychological examination to determine his competency at the time of the alleged offense, the government relies on 18 U.S.C. § 4242(a). That statute provides:

> Upon the filing of a notice, as provided in Rule 12.2 of the Federal Rules of Criminal Procedure, that the defendant intends to rely on the defense of insanity, the court, upon motion of the attorney for the Government, shall order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c).

18 U.S.C. § 4242(a). Defendant has not filed a notice of intent to assert a defense of insanity. Therefore, the court's authority under § 4242(a) has yet to be triggered.

For the foregoing reasons, the motion is DENIED.

This 1 April 2015.

                                             _____
                                                          W. Earl Britt
                                                          Senior U.S. District Judge

3

Case 5:15-cr-00060-BR   Document 28   Filed 04/01/15   Page 3 of 3